**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
─────────────────────────────

JAMES P. SCOTT,

                             Plaintiff,

        v.

DINAH M. CROSSWAY, ESQ., et al.,

                         Defendants.

                    No. 1:22-CV-500
                    (BKS/CFH)

─────────────────────────────

**APPEARANCES:**

James P. Scott
8815 Frostwood Court
Tampa, Florida 33634
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

Plaintiff pro se James P. Scott ("plaintiff") purported to commence this action on May 13, 2022, by filing a complaint. See Dkt. No. 1 ("Compl."). In lieu of paying this Court's filing fee, he submitted a motion to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP motion and determines that he financially qualifies to proceed IFP for the purpose of filing.[1]

─────────────────────

[1] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action.

## II. Initial Review

### A. Legal Standard

Section 1915[2] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (citation and internal quotation marks omitted). This does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds on which these claims are based. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Pro se litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law[.]" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

---

[2] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought . . . ." FED. R. CIV. P. 8(a)(1), (3). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d)(1).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 55 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too [] heavy [a] burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  The Second Circuit has held that "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citation omitted).  If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

**B. Plaintiff's Complaint**

Plaintiff purports to bring this action against Dinah M. Crossway, Esq., ("Attorney Crossway") Counsel for the New York State Department of Motor Vehicles ("DMV"); "Unknown State Actors" in the DMV; and Judge Frank P. Milano of the New York State Court of Claims.  Compl. at 2.  In 2017, while residing in Florida, plaintiff was informed by the Florida DMV that his driver's license was being temporarily suspended because of "an ineligible status reported to the National Driver Registry" by the New York State DMV's Driver Improvement Unit.  Id. at 3.  Plaintiff was told that his Florida license

4

would be suspended until New York State removed the ineligible status.  See id.
Plaintiff "had not driven in [New York] since the year 2005 and had no knowledge of any
issues regarding his [New York] driving privileges."  Id.  Plaintiff "file[d] an Order to
Show Cause and Verified Petition in Albany County Supreme Court seeking primary
relief of the removal of the hold in the National Driver Registry [and] . . . requested
secondary relief of monetary damages in the proceeding."  Id.  Plaintiff submitted a
"certified letter" to the DMV "demanding it remove the hold under his name in the
National Driver Registry.  Plaintiff enclosed a copy of his Florida Driving Abstract
certified by the Director of Motor Vehicles in the State of Florida."  Id. at 4.  Plaintiff
states that, "[t]his abstract, which is the only valid driving record in this case, did not
show any driving infractions in [New York] after the year 2005."  Id.

        On an unspecified date, prior to or during an Article 78 proceeding, plaintiff
contends that "Unknown State Actors" in the DMV falsified documents related to his
driving record "for the purpose of inducing the court to dismiss the petition for relief."
Compl. at 3-4.  "The [] Article 78 proceeding Decision and Order denied the state
agency's motion to dismiss and [p]laintiff's secondary relief for monetary damages with
the Supreme Court citing its lack of jurisdiction to award in the special proceeding."  Id.
at 3.  Plaintiff asserts that during the Article 78 proceeding, Attorney Crossway
"committed the act of civil fraud by providing false statements and falsified records
and/or documents pertaining to [p]laintiff's New York [S]tate driving records . . . for the
purpose of inducing the court to dismiss [p]laintiff's  petition for relief."  Id. at 4.  Attorney
Crossway "provided affirmations in the Article 78 stating that she had not only had
personal knowledge of the case as a thirteen-year staff attorney for the NYS DMV

Driver Improvement Unit, but had also consulted with unnamed authorities in the NYS DMV and had reviewed the records provided by them."  Id.  Plaintiff contends that Attorney Crossway was "aware that [p]laintiff did not have any court cases, open revocations or relicensing applications in [New York] when she made these false statements."  Id.

"The case ended in a final Judgment entered on April 15, 2019, with [p]laintiff prevailing.  The Supreme Court ordered the Driver Improvement Unit to restore [p]laintiff's [New York] driving privileges forthwith.  On May 15, 2019, the state agency's appeals period expired and it restored [New York] driving privileges."  Compl. at 3. "Plaintiff served Notice of Intention to File Claim on the [New York State] Attorney General's Office on April 26, 2019, 11 days after the final Judgment was entered.  The Claim itself was not filed until the state agency complied with the court order to remove the hold from the National Driver Registry."  Id.

In adjudicating plaintiff's Court of Claims case, he asserts that Judge Milano "violated [p]laintiff's due process by unlawfully dismissing the claim, preventing him from seeking compensation for losses incurred from the wrongful actions against him." Compl. at 4.  Judge Milano's "Decision and Order did not decide on the arguments brought forth by the defense in its motion to dismiss but instead was effectively a review of the administrative agency's actions, which the Court of Claims has no jurisdiction over."  Id. at 5.  Plaintiff states that Judge Milano's decision contradicted the Supreme Court's "Judgment determining the state agency's actions to be arbitrary and capricious and an error of law.  Judge Milano did not address any of the issues settled by the Supreme Court."  Id.  He also asserts that "[t]he Supreme Court, not the Court of

6

Claims, is the court of original jurisdiction or court of original instance in this case." Id. Plaintiff contends that prior to filing the present complaint, he "exhausted all remedies in [New York State] courts by appealing Judge Milano's Decision and Order to the Third Department and motioning for leave to appeal in the Court of Appeals." Id.

Plaintiff seeks four million dollars "for the wrongful deprivation of his property and for civil fraud committed by the unknown state actors and their counsel Dinah M. Crossway, Esq." Compl. at 6.  Plaintiff "does not request relief in the form of monetary damages from Honorable Frank P. Milano in this complaint, but instead asks the Court for relief of all orders made in violation of law, that due process be allowed, and the Court issue further relief as it deems appropriate." Id.

## C.  Analysis

Plaintiff's complaint can be construed as raising Fourteenth Amendment substantive and procedural due process claims brought pursuant to 42 U.S.C. § 1983.

### 1.  The Rooker-Feldman Doctrine

As an initial matter, the Court lacks subject matter jurisdiction over the claims against Judge Milano under the Rooker-Feldman doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  "The Rooker-Feldman doctrine provides that the lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." Hachamovitch v. DeBuono, 159 F.3d 687, 693 (2d Cir. 1998).  For the Rooker-Feldman doctrine to apply: (1) "the federal-court plaintiff must have lost in state court[]"; (2) "the plaintiff must complain[] of injuries caused by [a] state-court judgment[]"; (3) "the plaintiff must invit[e] district court review and rejection of [that] judgment[]"; and (4) "the state-court judgment

must have been rendered before the district court proceedings commenced[.]" Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (citations and quotation marks omitted).

All four elements are met here: (1) plaintiff's claim seeking monetary damages for the DMV's actions in the Court of Claims was dismissed by Judge Milano—i.e., he "lost" in state court; (2) plaintiff states that he was "wrongfully denied" the opportunity to seek compensation for the DMV's actions because of the dismissal; (3) he asks this Court for relief from "all orders made in violation of law [and] that due process be allowed"; and (4) Judge Milano's decision was rendered prior to plaintiff filing the present action. Compl. at 6; see also Scott v. State of New York, No. 2019-041-061, slip op. at 1-4 (Ct. Cl. Sept. 30, 2019).[3]  Accordingly, the Court is barred from reviewing plaintiff's complaint against Judge Milano and it is recommended that the claim against Judge Milano be dismissed without prejudice.  See Fraccola v. Grow, 670 F. App'x 34, 35 (2d Cir. 2016) (summary order) (internal citation omitted) ("The Rooker-Feldman doctrine precludes district court review as a matter of subject matter jurisdiction.  When a court lacks subject matter jurisdiction, it lacks the power to dismiss with prejudice[.]").

The undersigned comes to a different conclusion as to Attorney Crossway and the "Unknown State Actors."  The Second Circuit has distinguished between complaints that "alleged injuries were caused by state-court [a] judgment[]" and those that complain of "third party's actions [that were] simply ratified, acquiesced in, or left unpunished by it."  Sung Cho v. City of New York, 910 F.3d 639, 645-46 (2d Cir. 2018) (quoting

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.  New York Court of Claims decisions can be searched online through the following domain: https://ww2.nycourts.gov/COURTS/nyscourtofclaims/overview-decisions.shtml.

Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 88 (2d Cir. 2005)).  The former is barred by the Rooker-Feldman doctrine and the latter is not.  See id. at 645-46. Plaintiff's complaint against Attorney Crossway and the "Unknown State Actors" does not allege that their conduct was the result of a state-court judgment, but instead contends that their conduct was left unchecked by the Article 78 proceeding and Judge Milano's decision.  See Compl. at 3-5.  As plaintiff's claims against them do not "derive" from a state-court judgment, the claims are not barred by the Rooker-Feldman doctrine. Sung Cho, 910 F.3d at 646 (quoting Hoblock, 422 F.3d at 87).  Nevertheless, the claims against Attorney Crossway and the "Unknown State Actors" are barred by the statute of limitations.

### 2.  Statute of Limitations

"The statute of limitations for claims brought pursuant to § 1983 is determined by state law, and in New York State, the statute of limitations for actions brought pursuant to § 1983 is three years."  Johnson v. Fargione, No. 1:20-CV-764 (LEK/CFH), 2021 WL 1406683, at *3 (N.D.N.Y. Feb. 17, 2021).  "Under federal law, which governs the accrual of claims brought under § 1983, . . . a claim accrues once the plaintiff knows or has reason to know of the injury which is the basis of the action[.]"  Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994) (citations and quotation marks omitted).  Plaintiff challenges statements made, and documents submitted, during his Article 78 proceeding.  See Compl. at 4.  Plaintiff does not provide the date of the proceeding.  See generally Compl.  Instead, plaintiff provides the date of the "final Judgment" on April 15, 2019.[4]

---

[4] The undersigned notes that in Judge Milano's Court of Claims Decision, he stated that plaintiff's "driving privileges were restored pursuant to a CPLR Article 78 Judgment of the Albany County Supreme Court issued on April 4, 2019."  Scott, No. 2019-041-061, slip op. at 1.

Id. at 3.  It is likely that plaintiff's claims accrued at the time he heard and observed the alleged falsified statements and documents.  See id.  The Appellate Division of the Third Department stated that plaintiff commenced his Article 78 proceeding in August 2018. See Scott v. State, 1217, 149 N.Y.S.3d 297 (2021), appeal dismissed, leave to appeal denied, 184 N.E.3d 889 (2022).  However, neither plaintiff, the Court of Claims, or the Third Department have stated the date of the proceeding.  Thus, the undersigned cannot perform a more specific analysis.  Assuming for the purposes of initial review that the final judgment from the Article 78 proceeding was the time that plaintiff knew of his injuries from the "Unknown State Actors" and Attorney Crossway's conduct, he would have had to file his complaint three years later, by April 15, 2022.  Plaintiff filed his claim on May 13, 2022.  See generally Compl.  Thus, the claims are time-barred. See LaPietra v. City of Albany Police Dep't, No. 9:19-CV-1527 (TJM/TWD), 2020 WL 5891888, at *10 (N.D.N.Y. Oct. 5, 2020) ("[A]lthough the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on initial review.") (citing Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding that dismissal of "a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based on a defense that appears on the face of the complaint.")), report and recommendation adopted, 2020 WL 7021589 (N.D.N.Y. Nov. 30, 2020).

      To the extent it appears from the only date that plaintiff provided, April 15, 2019, that he filed his complaint less than one month late on May 13, 2022, "[e]quitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence

he is unable to obtain vital information bearing on the existence of his claim." <u>Valdez ex rel. Donely v. United States</u>, 518 F.3d 173, 182 (2d Cir. 2008) (citation omitted); <u>see also</u> <u>Johnson v. Nyack Hosp.</u>, 86 F.3d 8, 12 (2d Cir. 1996) ("Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances."). "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Victorial v. Burge</u>, 477 F. Supp. 2d 652, 654 (S.D.N.Y. 2007) (quotation and citation omitted); <u>see also</u> <u>Boos v. Runyon</u>, 201 F.3d 178, 185 (2d Cir. 2000) ("The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff."). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." <u>Wallace v. Kato</u>, 549 U.S. 384, 396 (2007).

There is nothing in plaintiff's complaint to suggest that equitable tolling could save his time-barred claims concerning the actions taken before and during the Article 78 proceeding, or the subsequent final judgment. <u>See</u> <u>generally</u> Compl. First, the undersigned is not aware of anything that prevented plaintiff from simultaneously filing suit in federal court and in the New York Court of Claims. <u>See</u> <u>also</u> <u>Frankel v. J.P. Morgan Chase & Co.</u>, 907 N.Y.S.2d 281, 284 (2010) ("[T]here is no strict legal bar to the existence of simultaneous actions concerning the same subject matter in state and federal court[.]"). Rather, the Court of Claims denied jurisdiction over plaintiff's federal and state constitutional challenges which he now brings to this Court. <u>See</u> <u>Scott</u>, No. 2019-041-061, slip op. at 3 (citation omitted) ("To the extent claimant alleges federal or state constitutional causes of action against defendant, the law is settled that 'claims for

damages against the State based on alleged deprivations of rights under the US Constitution are beyond the jurisdiction of the Court of Claims[.]'"); cf. Reed v. Medford Fire Dep't, Inc., 806 F. Supp. 2d 594, 613-14 (E.D.N.Y. 2011) (citation omitted) ("[T]he Second Circuit has explicitly held that a plaintiff is not barred from bringing a Section 1983 claim '[even where . . . it is based upon the same cause of action as the Article 78 proceeding', if the plaintiff is seeking damages that were unavailable in the Article 78 court.").

To the extent plaintiff was in the process of filing his claim in the Court of Claims and appealing the Court of Claims decision in state court, "[t]he reference to 'knowledge of injury' [in the equitable tolling standard] does not suggest that the statute [of limitations] does not begin to run until the claimant has received judicial verification that the defendants' acts were wrongful." Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1995); cf. Abbas v. Dixon, 480 F.3d 636, 641 (2d Cir. 2007) ("We have held . . . that a plaintiff's pursuit of a state remedy, such as an Article 78 proceeding, does not toll the statute of limitations for filing a claim pursuant to section 1983."). This suggests that plaintiff's claims are time-barred not by the date of the final judgment, but by the earlier date of the Article 78 proceeding. Moreover, "[c]ongress has neither explicitly nor implicitly required exhaustion of state remedies to bring section 1983 claims under the [] Fourteenth Amendment[] outside of the context of prisoner suits." Bal v. Manhattan Democratic Party, No. 16-CV-2416 (PKC), 2018 WL 6528766, at *4 (S.D.N.Y. Dec. 12, 2018); see also Chase Grp. All. LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 153 (2d Cir. 2010) (citation omitted) ("This is not by any means to say that valid Section 1983 claims based on due process violations require exhaustion of state remedies. But

'[w]hen § 1983 claims allege procedural due process violations, we nonetheless evaluate whether state remedies exist because that inquiry goes to whether a constitutional violation has occurred at all.'").

Based on the foregoing, it appears that equitable tolling is inapplicable and cannot be applied to save plaintiff's time-barred claims.  However, in light of plaintiff's pro se status, the lack of specific information concerning the date of the Article 78 proceeding, and the closeness in time between the expiration of the statute of limitations and the filing of plaintiff's complaint, it is recommended that the claims against Attorney Crossway and the "Unknown State Actors" not be dismissed on statute of limitations grounds but based on immunity and failure to state a claim, respectively. See Abbas, 480 F.3d at 640 (citations omitted) ("[U]nless it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective, we believe it is bad practice for a district court to dismiss without affording a plaintiff the opportunity to be heard in opposition.  Indeed, failure to afford an opportunity to oppose a contemplated *sua sponte* dismissal may be, by itself, grounds for reversal.").

### 3. Attorney Crossway

Plaintiff does not specify whether he seeks to sue Attorney Crossway in her official or personal capacity.  See generally Compl; see also Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993) (citations and quotation marks omitted) ("[I]n many cases, a complaint against public officials will not clearly specify whether officials are sued personally, in their official capacity, or both, and only [t]he course of proceedings . . . will indicate the nature of the liability to be imposed[.]"); Green v. Schmelzle, 210 F. Supp. 3d 454, 466 (W.D.N.Y. 2016) (quoting Frank v. Relin, 1 F.3d

13

1317, 1326 (2d Cir. 1993)) ("[W]hen the face of a complaint fails to state clearly whether a government official is being sued in his official capacity, or his individual capacity, or both, courts look to the course of the proceedings to determine the nature of the liability to be imposed.  Thus, a plaintiff who has not clearly identified in her complaint the capacity in which the defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of the other.").  Plaintiff's allegations concern Attorney Crossway's actions taken in her capacity as counsel for the DMV before and during the Article 78 proceeding.  See Compl. at 4-5.  At this early stage, the undersigned will consider whether either a personal or official capacity claim can survive initial review.

As to an official-capacity suit, "the DMV is an agency acting on behalf of the State of New York and is entitled to sovereign immunity under the Eleventh Amendment in [a] § 1983 claim." Sandoval v. Dep't of Motor Vehicles State of New York, 333 F. Supp. 2d 40, 43 (E.D.N.Y. 2004)  (citing Feingold v. State of New York, 366 F.3d 138, 149 (2d Cir. 2004) ("[W]e find that [the plaintiff's] § 1983 claim is clearly barred by the Eleventh Amendment because the DMV is a state agency")).  Courts have extended Eleventh Amendment immunity to government attorneys representing state agencies who are sued in their official capacities.  See Wolters v. Att'y Gen., N.Y. State, No. 12-CV-1544 (KAM/SMG), 2012 WL 1416706, at *3 (E.D.N.Y. Apr. 24, 2012) ("As officials who represent agencies of the State of New York, the Queens County District Attorney, the Richmond County District Attorney, the New York State DMV Commissioner, and the New York State Attorney General are all entitled to immunity under the Eleventh Amendment."); Clark v. Schroeder, 847 F. App'x 92, 94 (2d Cir.) (summary order)

14

(affirming dismissal of a complaint against the Commissioner of the DMV because of Eleventh Amendment immunity), cert. denied, 142 S. Ct. 341 (2021).  To the extent plaintiff seeks to sue Attorney Crossway in her official capacity, she is entitled to Eleventh Amendment immunity as an attorney for the New York State DMV.

Next, to the extent plaintiff seeks to sue Attorney Crossway in her personal capacity, she is entitled to absolute immunity.  It is well settled that prosecutors are absolutely immune from suit.  See  Anilao v. Spota, 27 F.4th 855, 863 (2d Cir. 2022) ("The doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages (but not injunctive relief) in a § 1983 lawsuit, even when the result may be that a wronged plaintiff is left without an immediate remedy.").  "[T]he Supreme Court extended prosecutorial immunity to government attorneys involved in administrative proceedings."  Roache v. Att'y Gen.'s Off., No. 9:12-CV-1034 (LEK/DEP), 2013 WL 5503151, at *14 (N.D.N.Y. Sept. 30, 2013) (citing Butz v. Economou, 438 U.S. 478, 512-13 (1978) ("We think that adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suit for damages."))  "The Second Circuit, in turn, has extended the same immunity to government attorneys prosecuting and defending civil actions."  Id. (emphasis added) (citing Barrett v. U.S., 798 F.2d 565, 572 (2d Cir. 1986) ("The controversial nature of the proceeding[s], the risk that a losing defendant will seek to retaliate by a suit attacking the propriety of the government attorney's conduct, and the existence of alternative safeguards against the attorney's misconduct . . . militate in favor of absolute immunity."); see also Mangiafico v. Blumenthal, 471 F.3d 391, 396 (2d Cir. 2006) (citation and quotation marks omitted)

("As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the state in a way that is intimately associated with the judicial process. . . .  We have expanded this principle to apply to the functions of a government attorney that can fairly be characterized as closely associated with the conduct of litigation or potential litigation in civil suits—including the defense of such actions.").

Plaintiff seeks to sue Attorney Crossway for representations to the court in plaintiff's Article 78 proceeding concerning his New York driver's license.  See Compl. at 4.  Specifically, plaintiff asserts that Attorney Crossway "knowingly misrepresented material facts of this case to the court . . . [and] maintained that these arbitrary actions were taken with discretion and authority to effectively revoke another state's driver's license."  Id. at 5.

As plaintiff's claims concern only Attorney Crossway's actions taken in representing the New York State DMV, she is entitled to absolute immunity. See Hirsch v. Quinones, No. 21-CV-6311 (LTS), 2021 WL 3773640, at *3 (S.D.N.Y. Aug. 23, 2021) ("[The p]laintiff's claims against [the defendant] are based on actions within the scope of her official duties as a government attorney representing the State of New York in the New York State Court of Claims in cases brought by [the p]laintiff against the State of New York.  Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit.").  As such, Attorney Crossway is entitled to Eleventh Amendment and absolute immunity whether plaintiff seeks to sue her in her official or personal capacity, respectively.  Thus, the undersigned recommends dismissing the claims against her with prejudice and without leave to amend.  See

Bouchard v. Thomson, No. 1:17-CV-1156 (LEK/CFH), 2018 WL 1665213, at *5 (N.D.N.Y. Apr. 4, 2018) (dismissing amended complaint without leave to amend where "the claims [the p]laintiff asserts against [the d]efendants are irreparable because they are barred either by sovereign or prosecutorial immunity."), aff'd sub nom. Bouchard v. Olmsted, 775 F. App'x 701 (2d Cir. 2019) (summary order).

### 4. Judge Milano

As an alternative to the applicability of the Rooker-Feldman doctrine, were the Court to have subject matter jurisdiction over plaintiff's claims against Judge Milano, Judge Milano would be immune from suit. Cf. Fraccola, 670 F. App'x at 35 n.1 (internal citation omitted) ("We interpret the District Court's memorandum decision and order dismissing [the plaintiff's] claims as resting on the Rooker-Feldman doctrine and in the alternative on judicial immunity grounds. Because the Rooker-Feldman doctrine implicates the subject matter jurisdiction of the District Court, the doctrine's application in this case should have been analyzed first and is dispositive."). Plaintiff asserts that Judge Milano "violated plaintiff's due process by unlawfully dismissing the claim, preventing him from seeking compensation for losses incurred from the wrongful actions taken against him." See Compl. at 4.

"Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." Whole Woman's Health v. Jackson, 142 S. Ct. 522, 532 (2021). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citation omitted). Eleventh

Amendment immunity has been extended to judges of the New York State Unified Court System.  See Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (citation omitted) ("[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." (citing N.Y. Const. Art. VI, § 29(a) (emphasis added) ("The legislature shall provide for the allocation of the cost of operating and maintaining the court of appeals, the appellate division of the supreme court in each judicial department, the supreme court, [and] the court of claims . . . .")); see also Amato v. McGinty, No. 1:21-CV-00860 (GLS/TWD), 2022 WL 226798, at *8 (N.D.N.Y. Jan. 26, 2022) (dismissing claim against Ulster Family Court judge on sovereign and judicial immunity grounds); Aron v. Becker, 48 F. Supp. 3d 347, 367 (N.D.N.Y. 2014) ("[A]ll claims for monetary damages against . . . [County] Judge Becker in [his] official capacities are dismissed with prejudice[]" because of Eleventh Amendment immunity); Zeigler v. New York, 948 F. Supp. 2d 271, 282 (N.D.N.Y. 2013) ("All claims against [Administrative] Judge Tormey in his official capacity for money damages will also be dismissed as they are barred by the Eleventh Amendment.").  As the Court of Claims is a part of the New York State Unified Court System and to the extent plaintiff seeks to sue Judge Milano in his official capacity, Judge Milano is entitled to Eleventh Amendment immunity.

Plaintiff states that he does not seek monetary damages from Judge Milano "but instead asks the Court for relief from all orders made in violation of law, that due process be allowed, and that the Court issue further relief as it deems appropriate." Compl. at 6.  "In Ex parte Young, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings

an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution."  Brown v. New York, 975 F. Supp. 2d 209, 222 (N.D.N.Y. 2013). "Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff '(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective.'"  Id. (quoting In re Deposit Ins. Agency, 482 F.3d 612, 618 (2d Cir. 2007)). "[D]eclaratory relief is not permitted under *Ex parte Young* when it would serve to declare only past actions in violation of federal law: retroactive declaratory relief cannot be properly characterized as prospective."  Id. at 225.

Plaintiff appears to be asking only for retrospective relief—that this Court determine that Judge Milano's Decision and Order was incorrect, contrary to law, and/or unconstitutional.  See id.  As plaintiff seeks only declaratory relief concerning Judge Milano's past conduct, the claim "must be dismissed because the Eleventh Amendment 'does not permit judgments against state officers declaring that they violated federal law in the past.'"  Brown, 975 F. Supp. 2d at 226 (quoting Finch v. New York State Office of Children & Family Serv., 499 F. Supp. 2d 521, 538, n.138 (S.D.N.Y. 2007)).

It is also "well-established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages."  Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam).  "[J]udicial immunity does not bar a claim for prospective injunctive and declaratory relief."  Shtrauch v. Dowd, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order).  However, because plaintiff only challenges past conduct and "does not allege that [Judge Milano's] conduct constitutes a continuing constitutional violation, nor does

he allege that it may recur[,]" plaintiff's claim is not one for prospective relief and Judge
Milano is entitled to absolute immunity.  Jackson v. Stanford, No. 16-CV-9702 (AJN),
2019 WL 13166075, at *2 (S.D.N.Y. Jan. 7, 2019) (citation omitted).

To defeat judicial immunity, plaintiff contends that Judge Milano "act[ed] without
jurisdiction, power or authority to dismiss [plaintiff's] claim for damages with no basis in
law."  Compl. at 6.  Plaintiff contends that Judge Milano's decision "was effectively a
review of the administrative agency's actions, which the Court of Claims has no
jurisdiction over. . . .  Judge Milano did not address any of the issues settled by the
Supreme Court.  The Supreme Court, not the Court of Claims, is the court of original
jurisdiction or court of original instance in this case."  Id. at 5.

"[A] judge is not immune for actions, though judicial in nature, taken in the
complete absence of all jurisdiction."  Mireles v. Waco, 502 U.S. 9, 12 (1991) (per
curiam).  "[T]he Court of Claims has no subject matter jurisdiction to entertain" "review
of an administrative agency's determination" "as review of such determinations are
properly brought only in Supreme Court in a[n] article 78 proceeding[.]"  City of New
York v. State, 847 N.Y.S.2d 768, 771 (App. Div. 2007) (citations omitted); see also
Madura v. State, 784 N.Y.S.2d 214, 216 (App. Div. 2004) (citation omitted) ("As a court
of limited jurisdiction, the Court of Claims has no jurisdiction to grant strictly equitable
relief[.]").  Additionally, "the filing requirements of Court of Claims Act § 10 are
jurisdictional in nature, and the failure to comply with such requirements deprives the
Court of Claims of subject matter jurisdiction[.]"  Hughes v. State, 963 N.Y.S.2d 350,
351 (App. Div. 2013); see also Frederick v. State, 874 N.Y.S.2d 762, 765 (Ct. Cl. 2009)
(citations omitted) ("Court of Claims Act § 10 is more than a statute of limitations; it is a

jurisdictional prerequisite to bringing and maintaining an action in this Court[.]  Failure to timely comply with the statutory filing requirements of the Court of Claims Act constitutes a fatal jurisdictional defect requiring dismissal[.]").

Judge Milano did not exercise jurisdiction over the merits of plaintiff's claim and instead dismissed plaintiff's claim because it was untimely filed under Court of Claims Act § 10(3) and because plaintiff failed to state a cause of action.  See Scott, No. 2019-041-061, slip op. at 1-4.  Judge Milano did not review the DMV's actions or make any determination as to their lawfulness.  See id. at 1-4.  Plaintiff states that Judge Milano "did not decide on the arguments brought forth by the defense in its motion to dismiss[.]" Compl. at 5.  However, Judge Milano's decision states that "Defendant moves, in lieu of answering, to dismiss the claim . . . as untimely . . . and because the claim fails to state a cause of action[.]"  Scott, No. 2019-041-061, slip op. at 1.  It was on those two grounds that Judge Milano dismissed plaintiff's claim.  See id. at 2-4.  Plaintiff's disagreement with Judge Milano's decision is insufficient to establish that he was acted absent jurisdiction.  See McKnight v. Middleton, 699 F. Supp. 2d 507, 524 (E.D.N.Y. 2010) ("[J]udicial immunity is not stripped based on the propriety of her particular rulings, where there is no question as to her subject matter jurisdiction over the case."), aff'd, 434 F. App'x 32 (2d Cir. 2011) (summary order).  As Judge Milano was not acting absent all jurisdiction, were this Court to have subject matter jurisdiction over plaintiff's claim against him, Judge Milano would be immune from suit.  As the undersigned has determined that this Court lacks subject matter jurisdiction over plaintiff's claim against Judge Milano, the complaint must be dismissed without prejudice.  See supra at 8.  However, because Judge Milano is immune from suit, amendment would be futile, and

the undersigned recommends dismissing the complaint against him without prejudice but without leave to amend.  See, e.g., Brady v. Ostrager, 834 F. App'x 616, 619 (2d Cir. 2020) (summary order) ("Given Justice Ostrager's judicial immunity, the district court correctly held that amendment would be futile.").

### 5.  "Unknown State Actors"

In addition to plaintiff's claims against the "Unknown State Actors" being barred by the statute of limitations, plaintiff has failed to sufficiently state a claim for relief.  See supra at 9-14.  Plaintiff states that the "Unknown State Actors" "violated [his] civil rights under the Fourteenth Amendment" and "committed the act of civil fraud[.]"  Compl. at 3. Plaintiff states that they "falsified records and/or documents pertaining to [p]laintiff's New York [S]tate driving record for the purpose of inducing the court to dismiss the petition for relief."  Id. at 3-4.  Plaintiff also asserts that they "deprived him of his vested property" "and acted with intent to harm" him.  Id. at 5.

To the extent plaintiff asserts that the "Unknown State Actors" deprived him of his property, "any constitutional procedural due process claim arising from an alleged deprivation of personal property is not cognizable under § 1983 because New York law provides an adequate post-deprivation remedy."  Pittman v. Billings, 20-CV-0422 (GLS/ATB), 2020 WL 2079440, at *3 (N.D.N.Y. Apr. 30, 2020) (collecting cases); see Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here is no constitutional violation (and no available Section 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty.").  The Second Circuit has held that "an Article 78 proceeding constitutes an adequate postdeprivation procedure under the Due

22

Process Clause[.]"  Hellenic, 101 F.3d at 881.  "Article 78 proceedings provide an adequate remedy for those who seek to challenge any action or inaction by an administrative agency or officers of state or local government."  Chaney v. City of Albany, No. 6:16-CV-1185 (NAM/TWD), 2019 WL 3857995, at *13 (N.D.N.Y. Aug. 16, 2019) (citing Hourihan v. Lafferty, 58 F. Supp. 2d 10, 14-15 (N.D.N.Y. 1999)).

Plaintiff pursued an Article 78 proceeding about the deprivation of his driver's license and does not claim that the remedy was inadequate.  See Compl. at 3-4. Rather, plaintiff received some of the relief sought—removal of the hold on his license— through the Article 78 proceeding.  See id. at 3; see W.D. v. Rockland Cnty., 521 F. Supp. 3d 358, 390 (S.D.N.Y. 2021) (dismissing a procedural due process claim where "an Article 78 proceeding was available, as [the p]laintiffs pursued this very remedy and obtained the relief they sought . . . .").  Additionally, to the extent plaintiff asserts that the "Unknown State Actors" and Attorney Crossway violated plaintiff's rights during the Article 78 proceeding, he could have instituted a second Article 78 proceeding.  See Stubbs v. de Simone, No. 04-CV-5755 (RJH/GWG), 2005 WL 2429913, at *10, *15 (S.D.N.Y. Sept. 30, 2005) (stating that "[a]n adequate postdeprivation remedy existed because [the plaintiff] was free to institute a new Article 78 proceeding to challenge the alleged[ly]" conduct that occurred through the dismissal and appeal of his first Article 78 proceeding).  As there is an adequate postdeprivation state remedy to address plaintiff's claims, plaintiff has failed to state a cognizable claim for a procedural due process violation.

Next, "[t]he Due Process Clause of the Fourteenth Amendment has a substantive component that bars certain government actions regardless of the fairness of the

procedures used to implement them."  Johnson v. Rodeway Inn Syracuse, No. 5:22-CV-0396 (GLS/ML), 2022 WL 2308102, at *7 (N.D.N.Y. June 1, 2022) (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998)) (quotation marks omitted), report and recommendation adopted, 2022 WL 2292045 (N.D.N.Y. June 24, 2022), appeal dismissed (Sept. 22, 2022).  "It is well-settled that when an alleged right is not fundamental, the protections of substantive due process do not apply."  Marino v. City Univ. of New York, 18 F. Supp. 3d 320, 339 (E.D.N.Y. 2014) (citing Tessler v. Paterson, 451 F. App'x 30, 32-33 (2d Cir. 2011) (summary order)).  Further, to plead a substantive due process claim, "the defendant's conduct must also be found to be 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'"  Johnson, 2022 WL 2308102, at *7 (quoting Lewis, 523 U.S. at 848 n.8).  "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level."  Lewis, 523 U.S. at 849.

"The Constitution protects a fundamental right to travel within the United States," Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 99 (2d Cir. 2009), but "travelers do not have a constitutional right to the most convenient form of travel, and minor restrictions on that travel simply do not amount to the denial of a fundamental right[.]"  Town of Southold v. Town of E. Hampton, 477 F.3d 38, 54 (2d Cir. 2007) (alterations, citations, and quotation marks omitted).  "To the contrary, the Supreme Court has repeatedly affirmed that the states have a paramount interest in highway safety and may summarily suspend or revoke a driver's license with due process."  Annan v. State of New York Dep't of Motor Vehicles, No. 15-CV-1058 (CBA/CLP), 2016 WL 8189269, at *5 (E.D.N.Y. Mar. 2, 2016) (citing Mackey v. Montrym, 443 U.S. 1, 19 (1979) (holding that

Massachusetts statute allowing for summary suspension of a driver's license with availability of prompt postsuspension hearing was constitutional); Dixon v. Love, 431 U.S. 105, 115 (1977) (holding that Illinois statute providing for summary suspension of a driver's license with availability of a postdeprivation hearing was constitutional)), aff'd, 662 F. App'x 85 (2d Cir. 2016) (summary order).  "[T]he right to maintain a driver's license is substantial and entitled to due process protection, but has not been recognized as the type 'implicit in the concept of ordered liberty, or deeply rooted in this Nation's history and tradition.'" Yandow v. Kronau, No. 1:09-CV-903 (GLS/DRH), 2011 WL 282449, at *5 (N.D.N.Y. Jan. 24, 2011) (quoting Immediato v. Rye Neck Sch. Dist., 73 F.3d 454, 460-61 (2d Cir. 1996)).

Plaintiff's contention that he was deprived of his driver's license through its suspension, therefore, does not establish a fundamental right.  Further, the allegations do not constitute conduct that "shocks the conscience."  See generally Compl.; see also Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 275 (2d Cir. 2011) (citation omitted) ("It is not enough that the government act be 'incorrect or ill-advised'; it must be conscience-shocking.").  As such, plaintiff has failed to state a plausible substantive due process claim and it is recommended that plaintiff's claim against the "Unknown State Actors" be dismissed.  See Bey v. D.C., No. 17-CV-6203 (MKB), 2018 WL 5777021, at *6 (E.D.N.Y. Nov. 1, 2018) (dismissing the plaintiff's "right to travel claim[]" because "[t]he seizure of [the p]laintiff's vehicle alone is insufficient to state a claim for violation of his constitutional right to travel.  [The p]laintiff retained his ability and constitutional right to travel even if inconvenienced by the seizure of his motor vehicle.").  Mindful of plaintiff's pro se status, the undersigned nevertheless recommends dismissing plaintiff's

25

complaint against the "Unknown State Actors" with prejudice and without leave to amend as plaintiff cannot state a procedural due process claim where there is an adequate state remedy to address his claims and he cannot state a substantive due process claim where there is no fundamental right to a driver's license.[5]  See MacInerney v. Allen, No. 52:1-CV-0818 (LEK/ML), 2022 WL 561649, at *5 (N.D.N.Y. Feb. 24, 2022) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)), report and recommendation adopted, 2022 WL 1025841 (N.D.N.Y. Apr. 6, 2022) ("An opportunity to amend is not required, however, where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'"); see also Annan, 662 F. App'x at 86 (affirming the district court's dismissal of the complaint—which included the plaintiff's right to travel claim—"without leave to amend, because, . . . [the] allegations failed to state a claim, and an amendment would have been futile.").

### 6.  Supplemental Jurisdiction

As to plaintiff's claims against Attorney Crossway and the "Unknown State Actors" for "civil fraud", the Court may exercise supplemental jurisdiction over state law claims when "a plaintiff's federal and state claims present 'but one constitutional case' and 'derive from a common nucleus of operative fact.'"  Shepherd v. Nandalawaya, No. 6:19-CV-06406 (EAW), 2020 WL 1963126, at *4 (W.D.N.Y. Apr. 21, 2020) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).  "When a federal court

---

[5] It is also likely that the claims against the "Unknown State Actors" are subject to dismissal on immunity grounds.  Plaintiff has not identified the "Unknown State Actors"; therefore, the undersigned cannot perform a more specific analysis.  Compl. at 3-4.  However, Eleventh Amendment immunity extends to state actors.  See Gollomp, 568 F.at 366 ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents . . . that are, effectively, arms of a state."); Mullin v. P & R Educ. Servs., Inc., 942 F. Supp. 110, 114 (E.D.N.Y. 1996) ("Because the doctrine of sovereign immunity extends to state officials sued in their official capacity, the complaint is dismissed to the extent that it alleges a § 1983 violation by [the] Commissioner" of the DMV).

dismisses federal claims, the court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3)[.]" Id. (citing Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.")).  "Once all federal claims have been dismissed, the balance of factors will 'usual[ly]' point toward a declination." Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106, 1118 (2d Cir. 2013).  Plaintiff's purported state law claims arise from the same set of facts as his § 1983 claims concerning the documents and statements related to his Article 78 proceeding. See generally Compl.  As the undersigned is recommending dismissal of plaintiff's purported federal claims, it is recommended that the Court decline to exercise supplemental jurisdiction over plaintiff's "civil fraud" state law claims.[6]  Compl. at 5.

### III.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

---

[6] In the alternative, the fraud claims could be dismissed because there is a heightened pleading standard for fraud claims that plaintiff's complaint fails to meet.  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).  "[T]he complaint must '(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent.'" MacInerney, 2022 WL 561649, at *5 (quoting Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 187 (2d Cir. 2004)).  Additionally, "although mental states may be pleaded 'generally,' a plaintiff must nonetheless allege facts 'that give rise to a strong inference of fraudulent intent.'" Id. (quoting Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290-91 (2d Cir. 2006)).  Plaintiff asserts that Attorney Crossway and the "Unknown State Actors" provided fraudulent documents and statements during the Article 78 proceeding.  Compl. at 3-4.  Plaintiff does not explain what was stated in the documents or what statements were made during the proceeding that were allegedly false.  See id. at 3-4.  The only specific statements plaintiff provides are Attorney Crossway's affirmations that "she had not only had personal knowledge of the case as a thirteen-year staff attorney for the NYS DMV Driver Improvement Unit, but had also consulted with unnamed authorities in the NYS DMV and had reviewed the records provided by them." Id. at 4.  Plaintiff does not explain which statement was allegedly false.  See id.  Plaintiff has also failed to allege facts "that give rise to a strong inference of fraudulent intent." Lerner, 459 F.3d at 290-91.  As such, were the Court to exercise subject matter jurisdiction over the fraud claims, they would likely need to be dismissed for failure to state a claim.  See MacInerney, 2022 WL 561649, at *4-5.

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED** for purposes of filing only; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) against Dinah M. Crossway and the "Unknown State Actors" be **DIMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND**; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) against Frank P. Milano be **DIMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[7]

Dated: November 3, 2022
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).